IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SHERRY A. PLUMLEE                                                                                      PLAINTIFF

vs.                                          Civil No. 3:15-cv-03027

CAROLYN W. COLVIN                                                                                   DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Sherry Plumlee ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her disability application on October 17, 2012. (Tr. 142, 314-322). In her application, Plaintiff alleges being disabled due to fibromyalgia, depression, anxiety, bursitis, migraine, short term memory loss, lethargy, gout, obsessive compulsive disorder, rheumatoid arthritis, Rocky Mountain tick fever, and back, hip, and joint pain.  (Tr. 360).  Plaintiff alleges an onset date of June 28, 2012.  (Tr. 142).  This application was denied initially and again upon

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

reconsideration. (Tr. 142).

After Plaintiff's application was denied, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 266-268). Thereafter, on August 8, 2013, the ALJ held an administrative hearing on Plaintiff's application. (Tr. 176-213). At this hearing, Plaintiff was present and was represented by Frederick Spencer. *Id.* Plaintiff, her son Scott Willett, and Vocational Expert ("VE") Montie Lumpkin testified at this hearing. *Id.* During this hearing, Plaintiff testified she was forty-eight (48) years old, and graduated high school. (Tr. 153).

On January 31, 2014, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 142-154). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 17, 2012, her application date. (Tr. 144, Finding 1). The ALJ also determined Plaintiff had the severe impairments obesity, Rocky Mountain Spotted Fever, anxiety, disorder, mood disorder, fibromyalgia, and carpal tunnel syndrome. (Tr. 144, Finding 2). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 144, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 146-152). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work with handling bilaterally on a frequent basis, but was limited to a job that could be performed while utilizing a handheld assistive device for prolonged ambulation and work where interpersonal contact was incidental to the work performed; the complexity of tasks was learned and performed by rote with few variables and little judgment; and supervision required was

simple, direct, and concrete. (Tr. 146, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 152, Finding 5). The ALJ found Plaintiff was unable to perform her PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 153, Finding 9). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a food processing worker with approximately 581 such jobs in Arkansas and 9,242 such jobs in the nation and production helper with approximately 2,241 such jobs in Arkansas and 87,246 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act since October 17, 2012. (Tr. 154, Finding 10).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 137). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-7). On April 24, 2015, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on April 27, 2015. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. <u>Discussion:</u>

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11. Specifically, Plaintiff claims the following: (1) the ALJ erred in RFC determination, (2) the ALJ erred in his assessment of Plaintiff's severe impairments, and (3) the failure to consider the new and material evidence. ECF No. 11 at 14-21. Because the Court finds the ALJ erred by finding her back pain and degenerative disc disease non severe, this case must be reversed and remanded.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe

impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff alleged being disabled due to, among other things, back, hip, and joint pain. (Tr. 360). On January 28, 2013, Plaintiff was seen at the Boston Mountain Rural Health Center ("BMRHC"). Plaintiff indicated she suffered a spinal injury previously due to a car wreck. (Tr. 1030-1032). Plaintiff was diagnosed and treated for low back pain. *Id.* Plaintiff had follow up treatment at BMRHC in June, August and November of 2013 for back pain. (Tr. 1001, 1134-1136, 1146-1149).

On November 13, 2013, Plaintiff had a lumbar spine x-ray which showed mild degenerative disc disease. (Tr. 1106). Plaintiff returned to BMRHC on November 21, 2013 with continued complaints of back pain and a referral to an orthopedic surgeon was discussed. (Tr. 1124-1126). Plaintiff was seen by orthopedic surgeon Dr. Terry Green on December 2, 2013. (Tr. 1156-1158). Plaintiff received an injection in her lumbar spine and received additional medications. *Id.*

Plaintiff returned to Dr. Green's on January 21, 2014 with complaints of severe back pain. (Tr. 1153-1155). Following this, on January 30, 2014, Plaintiff was referred for pain management treatment with Dr. Robert Tilley. (Tr. 1159-1163). Plaintiff was assessed with chronic pain syndrome and radiculopathy by Dr. Tilley and received a lumbar epidual steroid injection.[2] *Id.*

Based upon this evidence alone, the Court finds the ALJ's determination Plaintiff's back pain

---

[2]It should also be noted that just days past the relevant time period, on February 12, 2014, Plaintiff had a Lumbar MRI which showed degenerative disc disease at L2-L3 and L3-L4.

and degenerative disc disease were non severe was not supported by substantial evidence in the record. Thus, this case must be reversed and remanded for further consideration of this issue.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 4th day of August 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE